0-3-3-6-2-6, 1-2-4-2-6-9. Andre Williams v. Betty Mitchell. Arguments not to exceed 30 minutes per side. Mr. Rossman for appellant. Thank you. May it please the court. My name is Alan Rossman and I'm here representing Andre Williams. I would like to reserve 7 minutes for rebuttal time. Thank you. Your Honors, in Atkins, the Supreme Court held that the 8th and 14th Amendments prohibit the execution of all intellectually disabled persons. Based upon the clearly established federal law of Ford v. Wainwright, the Atkins Court not only left to the individual states the task of developing appropriate ways to enforce the restriction, but mandated that those ways provide a heightened standard of reliability reflecting a high regard for the truth that befits a decision affecting the life and death of a human being. Andre Williams is the human being about which they are talking. And in accordance with the Supreme Court's mandate, the Ohio Supreme Court in State v. Lott established rules and procedures under which Ohio courts could and now must assure that persons inflicted with mental retardation will no longer be executed. In this appeal, we argue that when the Ohio post-conviction courts dismissed on a plurality decision, an in-summary judgment, Mr. Williams' Atkins petition, they did not apply the proper legal standards and rules set by Lott and Atkins, and thus violated clearly established federal law and rendered the decision based on an unreasonable determination of facts in light of the evidence presented. As such, the district court's judgment upholding the state post-conviction decision as reasonable is clearly erroneous and must be vacated. This case, in order to encourage the accuracy of fact-finding determinations, which was the lodestar of Ford v. Wainwright, should be remanded for a proper and full evidentiary hearing consistent with clearly established federal law. Importantly, the Lott court adopted the identical three-part test that was cited with approval in Atkins, and therefore the recent Supreme Court decision in Hall v. Florida that clarifies Atkins similarly informs the decision of Lott. Based upon this court's recent decision in Van Tran, all lower Ohio courts must act consistent with these rules and procedures as laid out in Lott and Atkins as this is the clearly established federal law. For purposes of this appeal, I would note that the post-conviction court of appeals decision did rule that Mr. Williams met his burden as to the third age of onset criteria, finding evidence that during the developmental period before the age of 18, Mr. Williams displayed all the clinical criteria of a person with intellectual disability. That's in the appendix at page 344. The Attorney General does not raise a challenge to this, and therefore this argument will only address the first two criteria. The merits of Mr. Williams' Atkins claim is governed by AEDPA, and Lott, as interpreted by the post-conviction court of appeals, we argue, is unconstitutional. Specific as to the first prong, there are at least four rules that were established clearly in Lott, all of which are violated by the post-conviction court of appeals decision. Lott was decided within six months of Atkins, and in Lott, specific to the first prong, four rules that the Ohio Supreme Court recognized were that the standard error of measurement is in fact a statistical fact that was confirmed in Hall, that IQ scores beyond the most recent are clinically relevant and competent evidence for making an intellectual disability assessment, that factual disputes warrant an evidentiary hearing to be resolved, and, extremely important in this case, that an IQ score cannot be outcome determinative. Excuse me, do you read Hall as saying that an IQ score can't be outcome determinative? Yes, Judge. So if everything else was on balance, but there was an IQ score of 90, that couldn't make the difference? Surely it could, couldn't it? Yes. I'm just quibbling with how you characterize Hall. It may not be compelling regardless of other evidence, but it could certainly be outcome determinative in some cases, couldn't it? Isn't what you stated really broader than Hall? I mean, the problem with Hall was that you had to get past a particular figure in order to be able to present more evidence. Oh, to Judge Rogers. I didn't mean to compound your problem by asking another question before you got the answer to yours. No, it's the same thing. I just wanted you to factor my take on it in at the same time. Let me respond. The holding of Hall was, one, that the SEM is a statistical fact, but it also held that it is a conjunctive and interrelated assessment. In other words, when I'm saying that IQ score is not outcome determinative, Lott held somewhat similarly, that an IQ score by itself cannot be outcome determinative. To the extent that there is an IQ within the range, it must be. In other words, standing alone, it cannot be. It has to be conjunctive and it has to be interrelated, that an IQ score alone cannot be dispositive. And to that extent, the court must take into consideration adaptive skill deficits. I believe that was recognized in Ventran, that there must be a further analysis. So it was in Lott that Lott presented with an IQ of 72. Lott also presented with five affidavits from friends and family. That was similar to the evidence that was presented by the Hall Court. And the post-conviction court of appeals made a finding that all the evidence, the test scores, the test evaluations, the veil affidavit that spoke to these adaptive skill deficits, was not competent evidence from which even inferences can be drawn. And to that extent, it violates the clearly established federal law. Lott remanded for an evidentiary hearing, acknowledging that, and it was the government in this case, that presented IQ scores from his early schooling. It was that the Ohio Supreme Court and Lott recognized created an issue of fact to be determined. There was a factual dispute whether Mr. Lott was mentally retarded, and therefore remanded. But that was based on IQ scores, early IQ scores, presented by the state. And Mr. Lott's IQ, which fell, which the argument before Lott was he had an IQ of 72, and it fell within the standard error of measurement, and there's a five-point spread on all IQs. That was the argument before the Lott court. Could I ask a question about what present means? As you understand Atkins, when does the defendant have to be mentally retarded or whatever the modern equivalent is in order for Atkins to apply? Is it the time they committed the crime, the time he's tried, or the time he's arrested, or the time the person who's uttering the words is uttering the words? When is present, when is, what does it relate to? If you read the Eighth Amendment cases, Atkins, Ford, and all the intellectual disability cases, it seems clear that the discussion is always anchored in culpability. And culpability suggests that it is proximate to the time of the crime. The time of the crime? Well, but with clinical practice, there's a suggestion that an IQ, that if you're intellectually disabled, that that is generally speaking a condition that extends over a period of time. The present functioning has to be what Hall called a conjunctive and interrelated matter. In other words, you can't just look at a moment in time, which is why it found relevant early IQs. I think in Hall there were nine IQs over 40 years. In Mr. Williams' case, he tested at an IQ of 67 when he was in school at 15. The court, the district court, acknowledged that that was completely discounted, that all that is evidence that they said was prior to his incarceration and therefore didn't count. It wasn't competent evidence from which even inferences can be drawn. And who is saying that? Who's believing that? It's the Ohio Court of Appeals? It's the Ohio trial court, the Ohio Court of Appeals, and the district court, which makes specific reference. Go ahead. I was going to say that it's clearly inconsistent with the language of Hall that says once you've established an IQ within the standard error measurement, that you must be, and it said Freddie Lee Hall may or may not be intellectually disabled, but the law requires that he be allowed to present evidence of adaptive skill deficits over his lifetime. And went on to say specifically that they were talking about evidence of past performance and upbringing and environment. And very specifically, Judge, they went on further to say that they were talking about early school evaluations, school reports, and testimony from family, speaking to family circumstances. Can I sort of cut to kind of a bigger picture? I think this case is a very difficult one, but to me, as difficult as it is, the analytical framework you've chosen is more complex than one I perhaps would choose to look at it. And let me give you kind of my alternative ways for looking at it, if I can do so pretty briefly, and see how you react to those. It seems to me that what the Court of Appeals did is most easily characterized as imposing a limitation on Lott that is not present in Lott. Right? The present functioning. Right, right. And kind of defies, this may not have anything to do with a legal analysis, but kind of defies our common understanding that intellectual disability is a condition that persists over time. And certainly an individual might test differently at different points in time for various reasons. But basically, if one is intellectually disabled, one could be borderline. But at the end of the day, you wouldn't expect the present evidence to be the most pertinent. So you can characterize that as either an inconsistency with Lott, if you want to choose the analytical framework of considering Lott, which essentially articulates state standards. And you want to say, well, that's the clearly established federal law. Or alternatively, you could look at it just without the filter of Lott and look at Atkinson Hall. And although they're not exactly factually on point, you could say there's enough there to make it clear that any consideration of intellectual disability that doesn't take into account all these various pieces of evidence, including the consensus of the medical community, would be an unreasonable application of Supreme Court precedent. Is there something flawed about either one of those approaches? No, but, no, I'm not sure we're not saying the same thing on different levels. Well, I was trying to say it more simply. Well, we understand that the Van Tran decision was very clearly articulated that we can't ignore, and that at some point clearly established law, we have to look at what the state court did. That Lott becomes clearly established law to the extent that Atkins says the states must do it. On the other hand, Van Tran recognizes, and Hall does as well, that states don't have unfettered discretion. I guess what troubles me about looking to the Van Tran approach, I mean, under the Atkins scenario, states were left to devise their own methodology of determining intellectual disability. And certainly Lott is Ohio's effort to do that. But when we rely on our own precedent to do that, and we're relying on Lott, it becomes a little, it's very hard to sort out analytically whether you're actually looking to the Supreme Court precedent or whether we're merely looking to an analytical framework that a panel of our court. I mean, we have some obligation to follow the precedents of our court, or an obligation. We have a complete obligation. But it still gets messy, because what it looks like is it can look pretty easily like you're looking to state law rather than federal constitutional law. In this case, there's no disparity here. There may not be. The holding of Hall, which is that states don't have unfettered discretion, so they give you that. But Lott had an IQ of 72, which was within the standard error of measurement. Hall says the standard error of measurement is a statistical fact. Van Tran recognized that Hall reasoned that the Constitution, the Constitution, which is Atkins' interpretation, the Constitution requires courts to follow current clinical practice. So we look to clinical practices. I'm going back to the little picture again, and I'm just trying to figure out, I'm trying to figure out if your client is entitled to relief, what the best way of getting there would be. Your Honor, you can say, all right, then I will go through it point by point. There is a, the court said, the post-conviction court of appeals, his school tests and evaluations that had him in developmentally handicapped classes through school, he had IQs of 76, 78, and his most recent was 67. Mr. Rossman, I don't mean to cut you off. I just don't want you to use valuable time answering a question I haven't asked. I mean, I'm not asking you what the record shows factually. I'm trying to figure out big picture analytically whether there's anything wrong with two alternative ways I have suggested of possibly getting there, and I gather the answer is no. And you're probably happy for the court to get there anyway. It could get there if we get to where you want us to. I'm saying that it is a fact-intensive and complex analysis that must be done according to clinical practices. If you look at what, how the state court analyzed it. Well, that wouldn't be necessarily the analysis we would do. But, Judge, that's the clearly established federal law. We might decide, for example. I mean, I have no idea that we'll decide this or not. I think this case is hard. You may not be entitled to any relief. But, for example, we might not be the proper place for all that weighing to occur. I mean, it might be proper to remand to the district court. It might be proper to direct the grant of the writ so that the state courts can take a grant. The relief we are seeking is a remand. To the district court to have an evidentiary hearing? Judge, I can go both ways on this. To the state court. We don't have. I mean, what do you want? There was no, I want a forum to have an evidentiary hearing. And legally, should that be in the district court? Or is there a vehicle? There is an argument to be made that because this was dismissed on summary judgment, because there was no evidentiary hearing to honestly resolve the facts consistent, that this should be remanded to the state court to apply clinical practices that it did not in the first instant. To the extent that we can draw. We have Black v. Bell, which was a remand to the district. And we have Van Tran, which was a remand to the state. But it's not clear that the state court of appeals has ever addressed all this evidence. There was no opportunity to be heard because this case was dismissed on summary judgment. That dismissal, without considering the evidence before it, and the evidence before it was the sort of evidence that is clinically relevant to making this, and that is clearly established law in Hall and Atkins and Lott. So the violation of clearly established federal law on the decision is that the decision discounted all this evidence and didn't give the factual hearing. That is not consistent with the Eighth Amendment criteria that we're looking for some sort of the lodestar of factual accuracy. There has never been an evidentiary hearing to determine. In 11 years we've been begging the court, and this is our last stop, to give us an evidentiary hearing. Judge, it's the only way to resolve the factual issues in this case. There isn't any? Well, Ford v. Wainwright would. Did you need a certificate of appealability on that? No, Judge, it's not dispositive of this claim. Our argument is that the summary judgment proceedings in this case violate clearly established federal law. They do not comply with current clinical practices. When you say they violate clearly established federal law, you're referring to Ford? Is that what you're referring to? The summary judgment was that they violate Lott, and they violate Atkins as informed by Hall because the evidence that was in front of it is relevant evidence. The adaptive skill deficits of the Vale affidavit that spoke to his adaptive skill deficits up through the age of 21 was discounted as irrelevant. The trial court said it doesn't count for any credibility at all because she was a family member and had an interest in the outcome. Our argument to this court is that if you read Hall, you will see that the evidence before this court was unreasonably discounted to irrelevance, that when the court says none of this evidence, none of this evidence is competent from which we can even draw inferences that violates clearly established federal law. I hate to ask this question, but is Hall retroactive, or do we need to decide that? Hall is retroactive. Hall informs Atkins. Atkins is clearly retroactive. Hall does nothing more than inform Atkins. I think the panel of this court in Van Tran actually recognized that and cited Hall extensively. We just want an evidentiary hearing. We'll take our chances, but no court has given us this. There is no... Is there any point to having an evidentiary hearing in the district court? Yes, there could be. The argument would be is that the state court had their chance. They had it twice. The Ohio Supreme Court did not step in and let this summary judgment. This was a plurality decision. On summary judgment saying there was no material issue of fact, that's clearly wrong. It was on the SEM and on the adaptive skill deficits for certain, but they had their chance. My only concern, and we sought an evidentiary hearing in federal court, once the D2, once the court would rule that the summary dismissal is unconstitutional in this case, given the interests involved, then we would be outside AEDPA and the court could have an evidentiary hearing. But there's significant fact development that needs to go on. Can I ask a question? Did the state trial court, the one that was reviewed by the state appellate level court that we're looking at, did it hold that certain types of evidence were not competent because they were not present? Or is that something that under no overview of the summary judgment the court of appeals decided? Judge, it ruled that all the early school evidence, all the veil affidavit, all that evidence was incompetent, that inferences could not even be drawn because it all predated. This is the trial court. This is the trial court, and this was upheld by the post-conviction court of appeals. I see. It was the present. The question you asked, it was the fact that present functioning, which was in 2003, he went to prison in 1989, present functioning, and that it wasn't present. But I would point out to the court, and this court looks at record entry 6-13, and I believe it's page ID 335 and 336, and I'll conclude with this. Part of the record that was in front of the court, even with regard to the present functioning, were all his prison records. And the court found that an affidavit... There was an expert selected by you. That's not part of his prison record, is it? The Eisenberg? Well, and I think it's page... That's pretty strong. Page 279, but just so that it's clear, page 279 of the appendix, I believe, the trial court says, this court appointed Dr. Eisenberg to assist the court in making this determination. I understand that. I'm just quibbling with what you're saying, that the only evidence is prison evidence. It's not only prison evidence. Well, no, I was addressing the... Aside from Eisenberg, the present function were all these prison records, but post-conviction counsel suggested that these were records that were written by other inmates and ghostwriters, and the evidence in the appendix 274 through 278 are kites that were clearly written by what looks like a child, and those are contrasted with what the government put in. There's factual issues that need to be resolved here. Your red light is on. Thank you. Thank you. May it please the court. It's clear from the record that the state of Ohio was well within the bounds of Adkins and Hall to determine that Andre Williams did not meet criteria for intellectual disability under Lott, and accordingly this court should uphold the decision of the district court which upheld the reasonableness of that particular determination by the state court. And in that regard, I have three points that I'd like to make. The first point is this, that Adkins left the determination of criteria by which to determine intellectual disability to the states. Hall did not modify that. As Judge Gibbons pointed out, the Hall addition to Adkins is simply to set a floor whereby the Hall court said a strict IQ cutoff of 70 in conjunction with a prohibition on the presentation of evidence is unconstitutional. That the Hall decision could be fairly characterized as a substantive rule in the Adkins world. Adkins itself could be characterized as setting a substantive rule that simply says the intellectually disabled are not eligible for execution. The criteria by which to determine who may or may not be intellectually disabled is left to the states. In the state of Ohio, the criteria by which to determine intellectual disability is established under state versus Lott, which, by the way, essentially received a favorable review by the United States Supreme Court when they examined... There's a problem in this case, though. It doesn't arise from the faithful application of Lott. It arises from doing something different from what Lott requires, which is excluding all of the evidence that the court of appeals said was irrelevant for consideration, doesn't it? Your Honor, I'm not familiar with what evidence would have been excluded. Well, as far as I can tell, the court of appeals said none of the evidence about his school records, his earlier IQ scores, was pertinent because he hasn't presented evidence of present functioning. In other words, you can call it an amendment to Lott. You can call it an inconsistency with Lott. But it's definitely a variation on the state requirements that is not literally found in Lott. Your Honor, I would disagree. I believe the record would show that there was presentation of evidence on adaptive skills primarily through the presentation of state prison records that were admitted by agreement. All the evidence, the Ohio court of appeals did not consider all the evidence in the record about his school and growing up years. Your Honor, I believe that the courts would have considered that evidence. They did not exclude that from consideration. I believe they did. Let me go and try to do what Judge Gibbons was helping me characterize a question. I like to re-characterize her question, if I may. Did the court of appeals say that it would not look at the 67 test, the test that had a score of 67? Your Honor, I... Did it say it was incompetent? That's a yes or no question. Your Honor, I don't believe the answer is no. I don't believe the state court of appeals determined any evidence to be excludable. There was perhaps... If you read it that way, then does that undermine your holding? It seems to read that way. I don't have it in front of me. Maybe I do have it in front of me. Your Honor, there was two different... Did they use the word competent in there? In the court of appeals decision? Would that be the first one or the second one, Your Honor? See, there was a difficulty... The operative one that we're reviewing. Yes, the operative one. It would be the warden's... Is the word competent? That's got to be an objective. You can either say it did or it didn't. Your Honor, I don't have that word in front of me. If that's... The whole thing under ADPA is whether the relevant court of appeals decision... Yes, Your Honor. Your Honor, I would say if, in fact... Here's, I think, I've found it. What paragraph is it? Well, I don't know what paragraph it is, but the language is, with respect to the first two criteria referring to Lott, Williams failed to introduce any evidence of present disability, so it's adding a requirement to Lott. Court found that records and testimony concerning Williams' capacity and function prior to 1989, when he was 22, do not constitute... This is a quote. ...do not constitute competent evidence from which inferences may be made regarding his present mental capacity. And that refers to evidence of the first, which is evidence of intellectual functioning, which is measured by tests. So I interpret that exact language. Thank you. That's exactly it. I mean, what... To say that that test will not be considered competent evidence. Now, are we reading that wrong? Or are you reading it wrong? And, you know, I might point out that Mr. Rossman may have dressed his claim up in a lot of other stuff, but speaking for me, it begins and ends with that and, you know, how that fits in to the overall analysis. I believe the Stacey Vail affidavit was insufficient. She was a cousin. Whether the IQ score of 67, which is evidence as to the first criterion, was treated as competent evidence by the court. Your Honor, I can say perhaps this is... What if we read that it was treated as not competent evidence? It seems to be what it says. In terms of presentation, there was no extra verification of those records provided at the trial level, and that perhaps was a strategic reason. It may not... I don't... I don't see how that's responding to my question. Are you saying that we should read this as saying that the court could look at the IQ score of 67? Are you saying this is the court saying it will not look at the IQ score of 67? It's a simple question. That it was not sufficiently presented as a matter of evidence at the trial level to be appropriately considered. You're reading a lot of other words into this that aren't there. I mean, I would read it as a categorical endorsement of exclusion of any evidence prior to 1989. Your Honor, the warden would disagree and say that there's a more expansive interpretation that can be taken into consideration. I understand that. Yes. I disagree with that. That's your answer? That would be... What if, contrary to your reading, I read it that way? Does that mean you lose this case? Your Honor, the answer is no. Why not? That's my question. Because the most... There is a substantive piece of evidence that was fully considered and that was the... The argument is that if you categorically... Maybe it's not a good argument under affidavit. I don't know, but the argument is that I take it to be part of what your opponent is arguing is that categorically excluding certain evidence that on its face appears to be relevant is a violation of federal law, is a clear violation of federal law. Would you say that is a clear violation of federal law or would you say it's not a clear violation of federal law? Your Honor, it would... evidence that is relevant to mental retardation. For failure to follow state evidentiary procedure. It's simply an inefficient presentation. It's not intended to be a categorical exclusion. There's a bunch of other evidence that was presented, one of which was... Often there's other evidence presented when you categorically exclude some evidence. It's not the question, the question I'm asking. Maybe it's the wrong question, but it's the one I'm asking. Your Honor, I guess the point that I'm trying to make which is that as a matter of state evidentiary presentation, neither Adkins or Hall would require states to disregard their own rules of evidence. But there is an awful lot in Hall about the link between federal constitutional requirements and the requirements that state rules be based on medical consensus, reliance on medical opinions. And it would seem to me that the state has a pretty hard road to hoe to justify a position that intellectual disability as of an arbitrary point in time could be used to determine intellectual disability forever. Because the condition of intellectual disability as contemplated within Adkins would never change, the presentation, which is my second point, the presentation of adaptive skills as of a present time frame would illustrate the question because you would never get better. So if there's evidence of adaptive skills, as there was with Mr. Williams, that would indicate the ability to get along present day better than an intellectually disabled person would be, that would illuminate and illustrate the question for the trial court to say if this person can perform at, let's say, a relatively higher adaptive skills function, that would mean that he couldn't have been intellectually disabled at an earlier age because you never get better. Do you agree or disagree with Mr. Rossman's assessment that the pertinent point in time is the time of commission of the offense, the point at which culpability attaches? That is not established in any way, shape, or form by clearly established federal law. Well, I don't think there's a case that says it, but on the other hand, the whole rationale of Adkins is pretty dependent on the notion that the death penalty should not be imposed on those who are intellectually disabled because of their lesser personal culpability than others. That would be correct, and because under Adkins, the condition would never change. If the condition never changes, frankly, the question of whether the condition existed at any one point in time would be kind of irrelevant because it's supposed to never change. Not like a mental disability, which may kind of come and go or be ameliorated with medication. The Adkins... If that's correct, wouldn't that speak, without regard to whether it's a constitutional requirement, but wouldn't that speak to the error of the Court of Appeals excluding evidence that pertained to a particular time period? Because it, in effect, treats intellectual disability as some sort of evolving state so that it's only today's functioning you're looking at because yesterday's doesn't matter. Your Honor, I believe the answer to that question is it wouldn't matter because if Andre Williams scored a 75 IQ, the condition never changes. It's not a matter of a point in time. Dr. Eisenberg, the selected psychiatrist, psychologist, scored Andre Williams at a 75... How does his opinion get to be... I mean, if a trial court's not weighing the earlier evidence versus the evidence of Dr. Eisenberg, how's it ever going to know that? I mean, how does the state get to pick out one piece of evidence and rely on it and say, that ends the inquiry? Your Honor, I believe in the Hall case, there's an answer to the question. I believe in Judge Alito's concurrence, there was an indication in Hall that if a state had a strict IQ cutoff of 76 or better, that wouldn't impair... Ohio doesn't have such a cutoff. Exactly right. There's a full presentation of evidence. Adaptive skills was presented. The point to be made is... The key point is the condition would never change. Unlike other mental disabilities, if the condition never changes and Andre Williams scored a legitimate 75 in conjunction with a 76 and a 78 during his preteen years, the 75 IQ would be a present-day illustration that Andre Williams does not meet intellectual disabled criteria in conjunction with adaptive skills. The trial court is entitled to assess that present day, and because the condition never changes, it would necessarily apply at all points in time. The concern I have is the determination that evidence is incompetent. And as Judge Gibbons has implied, I think, it makes your argument that the condition never changes seems to support the argument that this is at least competent evidence. If I could ask you, I know this is difficult, because it's always hard to ask counsel to assume that they're wrong, but assume just for the moment, just so that I can ask you the subsequent question, assume that it... And I'm not sure I would come to this conclusion under epidepherence. Assume that even under epidepherence, I could come to the conclusion that it was a violation of clearly established federal law to treat this evidence as incompetent. Just assume that for the moment. I know it's hard, because it's not your position. It's radically against your position. Assume that's the position. What would then the state's position be as to what relief we should order? A conditional... If I could answer that question, just assuming a conditional writ directing the state to make that consideration. Thank you. However, Your Honor, I would like... Yes, that's what it would be. The state is not entitled to disregard its rules of evidence. In Hall, in contrast, the Florida court really truly did affect a preclusion and exclusion. They did not want to hear any evidence of anything because there was an IQ score of 70 or above, and that was a state statute. That truly would mean that a court is not entitled to consider evidence because it's incompetent under the state statute. Different question is if the evidence itself was inadequately presented and thereby is not properly admitted and can't be considered because it was improperly admitted. I don't think this court, state court, nor any other state court would say that IQ scores are incompetent evidence and will not and cannot be considered. I think that's directly contradictory to Lawton. I'm not familiar with any court in the state of Ohio that would say that is not proper evidence. Perhaps it must be presented properly. But at any rate, the third point that I would like to mention, there was two court of appeals decisions and there was an issue relative to the standard between adjudicating a motion to dismiss versus a standard to adjudicate a motion for summary judgment that the court of appeals in this case sent the determination back to the trial court to do an adjudication under state law that would adequately take into conjunction the distinction between the standards for motion to dismiss and the standards for summary judgment. At any rate, that's what happened. But I believe that the statement relative to evidence being incompetent would speak to state evidentiary rules not in any way attempting to malign or denigrate standards of determination of criteria under lot. Certainly lot speaks to IQ scores. It would be anomalous for a state court to somehow say that, which is why my point is it would be under the inability or the failure to properly present as a matter of state evidentiary law, which a trial court would be entitled to say, I see what you have here. It has been perhaps authenticity was an issue or perhaps they should have had a witness. But lot speaks to IQ scores and establishes rebuttable presumption that if an IQ score is 70 or above, it can rebuttably presumed that... The court came to this conclusion based on its interpretation of language in lot that used the word present. That uses the word what? Present. Present. Your Honor, because... Misreading? No, Your Honor. Because the condition does not change. What an individual would exhibit as of today because the condition as a psychological issue never changes would never get better. What he exhibits today is what he would have exhibited at any time in the past. How does that make it under Ohio procedure or evidence? How does that make evidence of how it was before incompetent? You said it might be some kind of evidentiary factor or something that's not articulated. That particular wouldn't make the evidence incompetent. That seems to be the reasoning for why the court says that it's incompetent. Am I reading it wrong? It seems to be that's the reason. Your Honor, the point that I'm attempting to make is this. Timing wouldn't have constitutional significance as Lott and Adkins adjudicated in the state of Ohio. Regardless of what interpretation is present, the timing of the event would not and could not have constitutional significance because the condition never changes. So therefore... Why shouldn't you have all of the evidence admitted that reflects on functioning and IQ tests? There was no exclusion. There's no reason not to admit it. If it's properly presented, which in this case, Andre Williams had a full opportunity to present whatever he wanted to present. What was improper about the presentation of the test score? I believe it had insufficient independent verification. There was no attempt to present these records through normal channels. Not that it was precluded or excluded. Where does the opinion side end? Is there anything in the opinion from which you glean that? Your Honor, I could say that the state court record would demonstrate that in no way, shape, or form was Mr. Williams or his counsel prevented, precluded, excluded from having any sort of presentation or they didn't request any additional procedures that were denied. Well, they presented that evidence. The point is that the Court of Appeals refused to consider any of it in its consideration of the case. This would not be about a lack of opportunity to present matters in the trial court. We're aware of what was presented, but the Court of Appeals, as best I can tell, didn't care because it felt that the fact that he might have demonstrated these things in the past didn't mean he could demonstrate them in the present. It thought that the two-time period that he had to demonstrate with respect to the present, as best I can tell, it did that through a misinterpretation of the White opinion, which is another state precedent. Your Honor, there's no clearly established federal law on that point. The warden's position would be that was a matter of state law, has no federal constitutional significance since Atkins does not establish criteria and neither did Hall. So the point that you're addressing would not have significance under the federal Constitution. It very well may be an error in terms of how the state issued that particular ruling on that particular narrow topic, but it would not have constitutional significance because there's no clearly established federal law. What you said, though, would not have validity if, as our prior precedence has done, you characterized Lott as the clearly established federal law and you characterized the Ohio Court of Appeals decision as a deviation from Lott, and it wouldn't have any validity if you interpreted Atkins and Hall to speak clearly enough to this situation. So, I mean, it just kind of depends how you characterize everything. Your Honor, Lott could not be characterized as clearly established federal law since any one particular state could have a different set of criteria. It's state law. Lott is state law. Well, it seems that a couple of our precedents have treated it otherwise. I mean, we understand it's a state-adopted standard, but a couple of our precedents seem to have treated it in the habeas context as the clearly established federal law with which we're dealing and said so explicitly. More than once. So why are we bound by that? Your Honor, the response to that would be under the AEDPA. Circuit precedent might be illuminating, but it's not binding for the question before this court, which is clearly established federal law as enunciated by the United States Supreme Court. I'm not sure we're free to disregard. I mean, we clearly have to look to the Supreme Court precedent, but I'm not sure we're free to disregard the prior precedent of our circuit in characterizing something as the clearly established Supreme Court precedent. Well, Your Honor, the response to that would be is that the AEDPA statute would set the standard, and whether or not this court determines it must or must not follow circuit precedent, the governing rule would be AEDPA, and it would look to Hall and Adkins, and there is no, and lot is a state criteria, it's not a federal criteria, and that's what the warden's position would be. And I've got nothing else to say unless the court has additional questions. Thank you very much. Thank you. May it please the court. To start, just in terms of interpretation, the district court, and this is record entry 36 in its memorandum and opinion, I believe page 798, moreover, given that Williams' early school records and three previous IQs dated from 1973, 1978, and 1983, it was not unreasonable for the state appellate court to conclude that these sources did not constitute competent evidence of Williams' present intellectual functioning. Similarly... It was not unreasonable for whom to conclude? The state courts. This is the district court you're reading? This is the district court sort of having the same interpretation as record entry 3, I believe it's on our appendix, page 345, where the court clearly says that the early test evaluations and the early scores and the veil affidavit from preschool through age 21 is not competent evidence. I believe my worthy opponent from the AG's office is incorrect. There is precedent in this court, and you can read Hall to say that this court must look to the state courts. Atkins tasked the state courts to figure out how we don't kill intellectually disabled people in this country anymore. Lott responded to that. One of the quotes from Lott is that an IQ cannot be a final determination in this, and it said that you have to look at adaptive skill deficits. It was in that context. Lott presented... The cases that Judge Gibbons and I have been referring to, and I wrote one of them... You did. Could they be limited to the unusual Tennessee situation where the Tennessee court basically changed its position, and then the Tennessee court said that it was going to apply the change retroactively, and then our court, in the case that Van Tran relied on, the earlier case, said that in that unusual situation, we have to send it back and let the state do the same thing with respect to the other people who are in the identical situation? Look, I think in that case, Judge, it warranted the remand to the state court compared to, say, Black v. Bell that remanded to the federal, to the district court. But I would say in your case... But I'm accurately describing the unusual situation that those cases... You are, but to go a little bit further, in all these cases, there's always been a full record, a full evidentiary hearing to present the evidence. I was just talking about this idea of whether we have to apply, as a matter of clearly established federal law... But you did. ...the nuances and the vagaries of state law. Yes. When the state itself hasn't changed, it just arguably hasn't covered every possible nuance, and a lower court in the state interprets the state law in a certain way, you would think that epidefrance might apply, even though in another state where the Supreme Court has changed its position, we might do something else. But that's where we look to Hall. And what we learn from Hall... Is that what you said? Yes. Because what it says is that there is a constitutional requirement that courts, state courts, apply current clinical practice. And we'll give states some leeway, but they have to be consistent with current clinical practices, because that is the standard. We are taking a medical standard. So when courts flaunt that, then it violates clearly established federal law. We're not identifying all the procedures, but this is an Eighth Amendment case. Some of the most eloquent and defining moments of United States jurisprudence is Eighth Amendment law, the evolving standards of decency. And what it says, and what Hall says, and what Van Tran recognized, is that, look, we'll leave to the states, they're tasked with doing their job, but they don't have unfettered discretion. And that at some point, the lodestar of Ford, which is the defining criteria that in your opportunity to be heard, there has to be, and there has to be the lodestar is accuracy in fact-finding. I'm just asking whether it might be more reasonable to defer to a middle-level state court that is interpreting something that hasn't been clearly decided by the state high court than it would be to defer to a middle-level state court that is deciding the same thing that, in another case, the state high court has reversed. Then the Supreme Court would possibly resolve that issue. But remember that in Hall, it was very clear that when Hall said that the evidence from the family and the upbringing and the early schools and the early evaluations that the medical community, it said the medical community has accepted these as probative of intellectual disability, that these are still clearly established federal law to which this court must adhere. In just response to you, Judge Gibbons, in State v. White, it was interesting that the two experts that were both agreed, and there was a common State v. White, which is the other Ohio Supreme Court case, said that intellectual disability is not really a condition that changes over time. Andre Williams did not get an evidentiary hearing. He did not get the opportunity to present the evidence to which he was entitled to. It's the only way to assure that under the Eighth Amendment that the fact-finding is accurate. You have to have an evidentiary hearing. What holding says that you have to have an evidentiary hearing of a certain type? Judge, what it says is because the evidence before the State courts was contested, because there was no opportunity, because trial counsel, and I believe it's in the appendix... Is there something in the Supreme Court that says you couldn't have contesting affidavits as opposed to an oral hearing? I mean, that might be the law, but that's... Well, it's not Ohio's law. You don't have cases which say that, do you? It's summary judgment. Yeah, summary judgment is a type of hearing in a sense. Evidence is considered in connection with a summary judgment motion. I mean, it is a record-based determination. Yes, and... I mean, the point is you might say that the court had to consider the whole record, but saying that the court had to conduct an evidentiary hearing with live witnesses and cross-examination seems far beyond what is constitutionally required. Well, I guess every case will be different, but in this case, it's pretty clear that when... In the appendix, I think it's at 242 and 246, where post-conviction counsel says in footnotes to the court in response to the opposition to summary judgment, and this is before all the prison records are part of the record. He says, we need an evidentiary hearing because all this evidence that the state has presented upon which you're basing summary judgment is unauthenticated. He said, if you look at his early school records, you will see that it's highly unlikely that he wrote any of these correspondence, and that what we did in... And I referenced that in our 6-13, we provided kites that were written by Andre Williams, and that's the sort of... the contrast. We put it in there so not just the courts, but the attorney general would recognize as well that there are fact disputes here that need to be resolved. This has not been resolved. Given the Eighth Amendment standards and the attention to factual accuracy, this case needs to be remanded in order to afford Andre Williams a proper hearing in order to assess whether, in fact, he is intellectually disabled. Thank you very much. Thank you both for your argument. The case will be submitted.